### JOHN F. NEPTUNE V. R. L. COLLINS.

No. 15,362.   (93 Pac. 1133.)

Error from Sedgwick district court; THOMAS C. WILSON, judge.   Opinion filed January 11, 1908.   Affirmed.

*Stanley & Stanley,* and *George W. Freerks,* for plaintiff in error.

*William E. Keith,* for defendant in error.

*Per Curiam:* This is a suit to cancel a deed conveying real estate in Wichita, the execution and delivery of which by J. F. Neptune is· alleged to have been procured by ·misrepresentation and fraud.   Mathis, assisted by his partner, Tunnel, they being real-estate agents, negotiated an exchange of Neptune's property in Wichita for· Collins's farm in Oklahoma, and it was agreed that each party should assume the mortgage on the property he received in the exchange.   In pursuance ·of the agreement deeds for the respective properties were executed by both parties and deposited in escrow with Mathis, to be delivered, according to some of the testimony at least, when· the abstract of Collins's land· was returned from Oklahoma showing ·

no other encumbrance than the one that Neptune had agreed to assume. The abstract was returned showing the title as it had been represented, and, the required conditions having been performed, the deed was turned over to Collins and the Collins deed mailed to Neptune.

Neptune insists that there was collusion and fraud between Collins and Mathis which destroyed the validity of the transfer. Although he pleaded the deposit of his deed in escrow, he gave a different version of the conditions upon which it was to be delivered than that related by other witnesses, and he also testified that prior to the delivery of the deed he gave notice to Mathis not to deliver the same. There was some testimony, too, that there was misrepresentation as to the character and value of the Oklahoma property. On the other side there was contrary testimony as to representations made regarding the property in Oklahoma; testimony, too, that there was a fair escrow agreement providing that the deeds should be placed with Mathis, who was acting for both parties, and that he should deliver the deeds upon certain conditions; that these conditions had been performed, and that the deeds had been accordingly delivered. The claims of misrepresentation and fraud, the nature of the escrow agreement, the irrevocable character of the deposit of the deeds as an escrow, and whether there had been a compliance with the conditions, were all questions of fact, which were settled by the trial court adversely to the contention of the plaintiff in error; and the decision, being based on sufficient testimony, must be regarded as final.

The judgment is affirmed.